IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR522 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| KYSEN CONWAY, | ) | UNITED STATES' TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Scott Zarzycki, Assistant United States Attorney, respectfully submits the following trial brief.

I.    **CONTROLLING LAW**

A.    COUNT 1

Count 1 charges Defendant Kysen Conway with armed bank robbery.  The relevant statute on this offense is Title 18, United States Code, Sections 2113(a) and (d).  Sections 2113(a) and (d) provide, in part, that:

> [w]hoever, by force, and violence, or by intimidation, takes . . . from the person or presence of another . . . money . . . belonging to, or in the care, custody, control, management, or possession of, any bank . . . and, in committing [such offense] . . . puts in jeopardy the life of any person by the use of a dangerous weapon or device . . .

shall be guilty of an offense against the United States.  18 U.S.C. §§ 2113(a) and (d).  To sustain

its burden of proof for this crime, the United States must prove all of the following elements

beyond a reasonable doubt:

> 1:  That the defendant took money from the person of another,
> while that money was in the care or custody of Citizens Bank;
>
> 2:  That the defendant took the money by force, violence, or
> intimidation;
>
> 3:  That in taking the money, the defendant intentionally put
> employees' lives in jeopardy by the use of a dangerous weapon;
> and
>
> 4:  That the deposits of Citizens Bank were insured by the Federal
> Deposit Insurance Corporation when the money was taken.

*See* Sixth Circuit Pattern Criminal Jury Instructions, 2016 Edition, Sections 2.02 and 4.01

(modified).

The maximum potential penalty for Count 1 is 25 years imprisonment.

> B.    COUNT 2

Count 2 charges Defendant Conway with using or carrying, and brandishing a firearm

during and in relation to a crime of violence.  The relevant statute for this offense is Title 18,

United States Code, Sections 924(c)(1)(A)(ii).  Section 924(c)(1)(A)(ii) provides, in relevant

part:

> Any person who, during and in relation to any crime of violence . .
> . for which the person may be prosecuted in a court of the United
> States, uses or carries a firearm . . .and brandishes a firearm

shall be guilty of an offense against the United States.  18 U.S.C.§ 924(c)(1)(A)(ii).

To sustain its burden of proof for this crime, the United States must prove all of the

following elements beyond a reasonable doubt:

1: That the defendant committed Armed Bank Robbery as charged in Count 1, *i.e.*, a crime of violence which may be prosecuted in a court of the United States;

2: That the defendant knowingly brandished, used, or carried a firearm; and

3: That the brandishing, carrying, or using of the firearm was during and in relation to the crime of Armed Bank Robbery as charged in Count 1.

*See* Sixth Circuit Pattern Criminal Jury Instructions, 2016 Edition, Sections 2.02 and 12.02 (modified).

C.       "CARRYING OR USING" OR "BRANDISHING" FIREARM

The charge in Count 2 is punishable under Title 18, United States Code, Section 924(c)(1)(A)(ii), which provides for a seven-year mandatory minimum sentence if the firearm is brandished during and in relation to the crime of violence.

II.      **ANTICIPATED EVIDENTIARY AND LEGAL ISSUES**

A.       FACTUAL STATEMENT

On April 24, 2018, at approximately 11:30 a.m., three armed males with masks robbed the Citizens Bank, located at 15050 Bagley Road, in Middleburg Heights, Ohio. Members of the FBI Violent Crimes Task Force, along with officers of the Middleburg Heights Police Department responded to the robbery. A bank audit determined a total of $2,598.99 was taken.

On the above date and time, the three males separately one after the other, entered the bank through the main entrance and approached the teller station area. The first two who entered jumped over the teller counter and the third remained in the customer area. There were only employees present during the robbery. Employees described the males as pointing their guns directly at them and threatening to shoot them if they didn't comply.

Surveillance video clearly shows Defendant (Suspect 3) entering the bank approximately ten seconds after the first two suspects.  Defendant has distinctive clothing in that his pants have three stripes going all the way down each leg.  Defendant is seen brandishing a long barreled revolver and pointing it at employees.  Defendant is also seen dropping a glove while running through the bank.

As the defendant and his two accomplices exited the bank, one of them fell down and fired a shot into the ceiling of the bank branch.  All three males fled the bank and entered two separate getaway vehicles.  The license plate for one of the vehicles was captured on surveillance camera.

Defendant's DNA matched the DNA profile from two matching gloves recovered on the customer side of the teller counter.  One of the gloves was the one seen on surveillance footage being dropped by Defendant (Suspect 3).

A search of Conway's phone revealed internet searches of media coverage of a bank robbery in Middleburg Heights, Ohio.  Photos were also recovered depicting Conway holding large amounts of cash and brandishing a revolver.

B.    DEFENDANT'S SELF-SERVING EXCULPATORY STATEMENTS

It is well-settled that defendants cannot seek to introduce their own self-serving exculpatory statements.  *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (citing *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996), *cert. denied*, 522 U.S. 934 (1997)).  Indeed, while the Federal Rules of Evidence allow the government to introduce inculpatory statements made by a defendant, the "Rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *Id.*  Thus, while the government is permitted to introduce some or all of a

4

defendant's statements against him as non-hearsay admissions of a party-opponent under Rule 801(d)(2), a defendant is not permitted to introduce his own statements under the same Rule. This rule applies equally to the evidence the defendant seeks to introduce in his own case as it does to the evidence he tries to elicit through the cross-examination of witnesses.

The government anticipates that it may introduce portions of the Defendant's statements, primarily as contained in a post-arrest, video-recorded interview. It anticipates, in turn, that the Defendant may seek to have some additional portions of the statements entered into evidence pursuant to Rule 106. The "rule of completeness," however, does not override the prohibition from admitting self-serving, exculpatory statements. *Gallagher*, 57 Fed. Appx. at 628-29. The "completeness doctrine embodied in Rule 106 should not be used to make something admissible that would otherwise be excluded." *Id.*, *quoting Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 718 (6th Cir. 1999); *see also United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982). If the government were seeking to mislead the jury regarding the actual meaning of one of the Defendant's admissions, the completeness doctrine might be implicated. That, however, is not the case here. As such, the Defendant is not permitted to admit additional portions of his post-arrest interview.

C.       ADMISSIBILITY OF DUPLICATES AND PHOTOCOPIES

Copies of reproductions or reprints are admissible to the same extent as originals whether the original is in existence or not. 28 U.S.C. § 1732(b) (Federal Business Record Act). Therefore, such reproductions are admissible in the same manner as the originals. United States v. Carroll, 860 F.2d 500, 507 (1st Cir. 1988) (microfilm of checks is admissible); United States v. Saputski, 496 F.2d 140, 141 (9th Cir. 1974); Williams v. United States, 404 F.2d 1372, 1373 (5th Cir. 1968).

The Government intends to admit documents as evidence which are duplicates and photocopies of original documents.  Rules 1001 and 1003 govern the admissibility of duplicate documents.  Federal Rule of Evidence 1004 states, "[a] duplicate is admissible to the same extent as an original unless (1) genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

    D.     COMPUTER ASSISTED PRESENTATION OF EVIDENCE

To maximize efficiency, the Government intends to present evidence through the Courts electronic presentation system, using Trial Director software.  With the Court's permission, the government intends to determine if defendant objects to any exhibits prior to trial commences.  Counsel for the government will only ask the Court to publish those exhibits to the jury during a witness' testimony if defendant has agreed the exhibit is admissible without objection

## III.    TRIAL DOCUMENTS

    A.     STIPULATIONS

The Government and Defendant anticipate preparing stipulations in separate documents in compliance with the Trial Order.

    B.     PROPOSED *VOIR DIRE* QUESTIONS

The United States respectfully requests that the Court direct the proposed *voir dire* questions filed on November 21, 2018 as Docket #13 to the jury panel during *voir dire* examination.

    C.     EXHIBIT LIST

The United States filed its exhibit list in accordance with the Court's Trial Order on November 21, 2018 as Docket #14.  The United States will also exchange its proposed Exhibit

List with Defendant.  The United States will mark all proposed exhibits before trial in accordance with the Court's Trial Order.

## IV.    WITNESSES

### A.    *JENCKS* MATERIAL

The United States has already produced considerable *Jencks* material and will provide any remaining *Jencks* material to the Defendant in a timely manner.

### B.    SEQUESTRATION OF WITNESSES AND PRESENCE OF GOVERNMENT AGENT AT TRIAL

The United States respectfully requests that the Court issue a witness-sequestration order pursuant to Federal Rule of Evidence 615.  The United States designates SA Kelly Liberti, the lead case agent, as its representative in this case to be present at counsel table throughout the trial.  SA Liberti's presence in the courtroom during trial is essential to the presentation of the government's case.  *See* FED. R. EVID. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"); FED. R. EVID. 615(c) (providing an additional exception for essential witnesses).

## V.    ESTIMATED LENGTH OF TRIAL

The United States anticipates completing its case-in-chief in approximately 2 days.

## VI.    CONCLUSION

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney


By:     /s/ Scott Zarzycki
        Scott Zarzycki (OH: 0072609)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3971
        (216) 522-8355 (facsimile)
        Scott.Zarzycki@usdoj.gov

8

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November 2018 a copy of the foregoing

document was filed electronically. Notice of this filing will be sent to all parties by operation of

the Court's electronic filing system. All other parties will be served by regular U.S. Mail.

Parties may access this filing through the Court's system.


/s/ Scott Zarzycki
Scott Zarzycki
Assistant U.S. Attorney